**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| RANDY MCCOLLUM, ) | |
| RONNIE MCCOLLUM, and ) | |
| APRIL HARAUGHTY, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 22-2286-JAR-GEB |
| ) | |
| TODD HARRISON, ) | |
| JILL DILLIE, ) | |
| KENNETH DILLIE, ) | |
| FRANK MCCOLLUM, ) | |
| DONNIE MCCOLLUM, and ) | |
| CHARLES SPILLMAN, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## **REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiffs' Motion to Proceed without Prepayment of Fees and Amended Motion to Proceed without Prepayment of Fees ("Plaintiffs' Motions") (ECF Nos. 2 & 6, *sealed*). For the reasons set forth below, the Court recommends Plaintiffs' Motions (**ECF Nos. 2 & 6,** *sealed*) be **DENIED** and this action be **DISMISSED**.

**I.      Background[1]**

This case stems from a familial dispute. Plaintiffs Ronnie McCollum; his twin brother, Randy McCollum; and Ronnie's wife, April Haraughty bring this purported employment discrimination, retaliation, and harassment case with claims under Title VII of the Civil Rights Act, Age Discrimination in Employment Act of 1967, and the American with Disability Act of 1990, as well as state law conspiracy claims. Defendants are Jill (McCollum) Dillie and her husband, Kenneth Dillie; Frank and Donnie McCollum; Todd Harrison, Randy's landlord; and Charles Spillman, a City of Fredonia, Kansas officer. The crux of the issues surrounds Randy McCollum's removal from his home, and from the care of Ronnie McCollum and April Haraughty.

**II.     Recommendation of Denial of *In Forma Pauperis* Status**

Section 1915 of Title 28 of the United States Code allows a court to authorize the commencement of any civil action "without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets. . .[if] the person is unable to pay such fees or give security therefor."[2] Proceeding *in forma pauperis* in a civil case is a privilege, not a right.[3] The decision to grant or deny *in forma pauperis* status is within the sound discretion of the court.[4] When considering a motion to proceed without

---

[1] Unless otherwise indicated, the information recited in this section is taken from the Complaint (ECF No. 1), Amended Complaint (ECF No. 4), and Amended Motion to Proceed without Prepayment of Fees (ECF No. 6, *sealed*). This background information should not be construed as judicial findings or factual determinations.
[2] 28 U.S.C. § 1915(a)(1).
[3] *Patillo v. N. Am. Van Lines*, No. 02-2162-JWL, 2002 WL 1162684, at *1 (D. Kan. Apr. 15, 2002).
[4] *Id.* (citing *Cabrera v Horgas*, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999)).

prepayment of fees, the court must not act arbitrarily.[5] But, it is the position of courts in this District in civil cases for damages, *in forma pauperis* status should be granted sparingly.[6]

To succeed on a motion to proceed *in forma pauperis*, a party must show a financial inability to pay the required filing fees. The filing fee is currently $402. When Plaintiffs' filed their initial motion, Ronnie McCollum indicated he was farmer and rancher earning $1,500 per week. Plaintiffs indicated they would be able to pay the filing fee within a few weeks, and their amended motion also indicates an ability to pay.[7]

This is not the first case Plaintiffs have filed in this District. Less than a year ago, Randy and Ronnie McCollum brought suit against Frank and Donnie McCollum. The filing fee was paid in that action.[8] Based upon the information in the Plaintiffs' Motions, particularly the continued assertion of their ability to pay, and their ability to pay in prior action, the undersigned does not believe Plaintiffs have shown a financial inability to pay the required fee to commence this action.

However, a magistrate judge does not have authority under 28 U.S.C. § 636 to deny a motion to proceed without prepayment of fees.[9] Accordingly, the undersigned Magistrate

---

[5] *Hagan v. Credit Union of Am.*, No. 11-1131-JTM, 2011 WL 13237545, at *1 (D. Kan. June 20, 2011) (citing *Buggs v. Riverside Hosp.*, No. 97-1088, 1997 WL 321289 (D. Kan. Apr. 9, 1997)).
[6] *Scherer v. United States*, No. 01-2428-JWL, 2001 WL 1516736, at *1 (D. Kan. Nov. 7, 2001) (citing *Barnett v. Northwest Sch.,* No. 00-2499-KHV, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000); *Forrester v. Via Christi St. Joseph & ITS Reps.,* No. 97-1243-MLB, 1997 WL 557329, at *1 (D. Kan. June 10, 1997)).
[7] ECF Nos. 2 and 6.
[8] 21-2493, October 27, 2021.
[9] *Lister v. Dept. of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) (the denial of plaintiff's motion to proceed *in forma pauperis* is a dispositive matter and the magistrate judge should issue a report and recommendation for de novo review by the district judge).

Judge **RECOMMENDS** Plaintiffs' Motions (**ECF Nos. 2 & 6,** *sealed*) be **DENIED** pending review of the recommendation of dismissal herein. If the recommendation of dismissal is not adopted, the undersigned would recommend Plaintiffs be allowed to pay the filing in three monthly payments of $134. The undersigned does not believe such payments would be an undue burden on Plaintiffs.

### III. Recommendation of Dismissal of Complaint and Amended Complaint

When reviewing an *in forma pauperis* motion under 28 U.S.C. § 1915, the court must dismiss the case if it determines the action: 1) is frivolous or malicious, 2) fails to state a claim upon which relief may be granted, or 3) seeks relief from a defendant who is immune from suit.[10] The purpose of § 1915(e) is "the prevention of abusive or capricious litigation."[11]

Fed. R. Civ. P. 8(a)(2) requires a complaint provide a "a short and plain statement of the claim showing that the pleader is entitled to relief." "Factual allegations in a complaint must be enough to raise a right to relief above the speculative level."[12]

Because Plaintiffs proceeds pro se, their pleadings must be construed liberally.[13] However, they still bear the burden to allege "sufficient facts on which a recognized legal claim could be based."[14] The Court cannot "take on the responsibility of serving as [their]

---

[10] 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).
[11] *Harris v. Campbell*, 804 F. Supp. 153, 155 (D. Kan. 1992) (discussing similar language contained in § 1915(d), prior to the 1996 amendment).
[12] *Kay v. Bemis,* 500 F.3d 1214, 1218 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 544).
[13] *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991).
[14] *Id*.

attorney in constructing arguments and searching the record."[15] Fed. R. Civ. P. 8 "demands more than naked assertions."[16]

The Court must ascertain whether Plaintiffs' claims provide the Defendants with sufficient notice of their claims such that the Defendants could prepare an appropriate answer.[17] Under Rule 8(a), a complaint must contain three minimal pieces of information: (1) the pleading should contain a short and plain statement of the claim showing that Plaintiff is entitled to relief; (2) a short and plain statement of the grounds for the Court's jurisdiction; and (3) a statement of the relief requested. If any of these requirements is absent, even after affording liberal construction to Plaintiff's Complaint, the court "is compelled to recommend that the action be dismissed."[18] Mere "allegations of conclusions or opinions are not sufficient when no facts are alleged by way of the statement of the claim."[19]

Upon review of the Complaint and Amended Complaint in this matter, the undersigned finds they, on their face, do not state a plausible claim or comply with the pleading requirements of Rule 8. First, beyond checking the boxes indicating they have employment discrimination claims, the Plaintiffs make no allegations regarding

---

[15] *Mays v. Wyandotte County Sheriff's Dep't*, 2010 WL 6032763, at *2 (10th Cir. 2011) (citing *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir.2005)).
[16] *Cohen v. Delong*, 369 F. App'x 953, 957 (10th Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)).
[17] *See Snider v. Burton*, No. 15-1043-JTM, 2015 WL 1442096, at *1 (D. Kan. Mar. 30, 2015) (citing *Monroe v. Owens*, 38 F. App'x 510, 515 (10th Cir. 2002)) (adopting report and recommendation).
[18] *Snider*, 2015 WL 867423, at *2 (citing requirements under Rule 8), *report and recommendation adopted,* No. 15-1043-JTM, 2015 WL 1442096 (D. Kan. Mar. 30, 2015).
[19] *Id.* (quoting *Bryan v. Stillwater Bd. of Realtors*, 578 F.2d 1319, 1321 (10th Cir.1977)); *see also Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984).

discrimination, retaliation, or harassment on the basis of race, color, religion, gender, national origin, age, or disability. Plaintiffs generally claim termination without notice on May 31, 2022. However, they provide insufficient and conflicting facts about which of the Plaintiffs was employed and by whom. Jill McCollum is identified in the Amended Complaint as the employer without any indication of who she employs, if anyone.[20] Elsewhere in the Amended Complaint Plaintiffs state "Jill McCollum could not stand to see April Haraughty and Ronnie McCollum work for Randy McCollum."[21]

Regarding the conspiracy claim, both complaints allege "all 5 defendants are in on this;" "Randy told me (Ronnie McCollum) don't let Jill take me they are going to kill me and get $100,000 from a life insurance policy;" and "Jill McCollum & Todd Harrison worked together on this Murder Kidnapping deal….both need to be sent to Federal Prison for 30 years." It should be noted Randy McCollum is alive and signed both complaints. Although Plaintiffs reiterate claims they made against Frank and Donnie McCollum in the prior case against them, 21-cv-2439-HLT-GEB, Plaintiffs' only allegation against Frank and Donnie McCollum in this case is "[w]e have witnesses they are still up to no good." And beyond naming Charles Spillman as Defendant, there are no allegations at all regarding Mr. Spillman.

Rule 8 does not require Plaintiffs to state precisely each element of their claims or describe every fact with specific detail, but it does require them to set forth sufficient

---

[20] ECF No. 4, at 9.
[21] *Id.*, at 4.

factual allegations on which a recognized legal claim could be based.[22] Labels or allegations of conclusions are insufficient when no facts are alleged.[23]

The absence of facts to plausibly support their claims makes it impossible for Defendants to have fair notice of what is being alleged against them.[24] The Court, as it is required to do, has construed Plaintiffs' pleadings liberally;[25] however, Plaintiffs' Complaint and Amended Complaint fail to allege facts supporting a cognizable claim. Therefore, the Court **RECOMMENDS** dismissal under 28 U.S.C. 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.[26]

## IV. Notice

Within fourteen (14) days after a party is served with a copy of this Report and Recommendation, any party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), file written objections to this Report and Recommendation. A party must file any objections within the fourteen-day period if the party wants to have appellate review of the proposed findings of fact, conclusions of law, or recommended disposition.

---

[22] *Henderson v. Ojile*, No. 97-4098-SAC, 1997 WL 723432, at *2 (D. Kan. Oct. 31, 1997); *Hall*, 935 F.2d at 1110.
[23] *Id.*; *Singleton v. Convergys Corp.*, No. 16-2614-DDC, 2016 WL 11397820, at *2 (D. Kan. Sept. 21, 2016).
[24] *Weaver v. City of Topeka*, No. 94-4224-SAC, 1995 WL 783628, at *7 (D. Kan. Dec. 12, 1995), *aff'd*, 103 F.3d 145 (10th Cir. 1996) (holding complaint offering no facts to support legal conclusion fails to give defendants fair notice).
[25] *Abdelsamed v. United States*, 13 F. App'x 883, 884 (10th Cir. 2001).
[26] *See, e.g., El-Sattam v. Minnenger*, No. 95-4180-SAC, 1995 WL 783206 (D. Kan. Nov. 16, 1995) (dismissing complaint under Rule 8 for failure to allege facts supporting a recognized claim for relief); *Ferris v. Fed. Law*, No. 97-4239-SAC, 1997 WL 833299 (D. Kan. Dec. 18, 1997) (same); *see also Weaver,* 1995 WL 783628, at *7 ("The court should dismiss *pro se* claims 'which are supported only by vague and conclusory allegations.'") (quoting *Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992)).

## V.     Conclusion

After careful review and being mindful Plaintiffs proceed pro se, the undersigned concludes the Complaint and Amended Complaint presented by Plaintiffs are insufficient. By failing to adequately plead, Plaintiffs failed to state a claim upon which relief may be granted.

**IT IS THEREFORE RECOMMENDED** that Plaintiffs' Motions be **DENIED**, and this action be **DISMISSED**. Plaintiffs' obligation to pay the filing fee is suspended pending review of this recommendation. If the recommendation of dismissal is not adopted, the undersigned would recommend Plaintiffs be allowed to pay the filing fee in three monthly payments of $134.

**IT IS ORDERED** that a copy of this recommendation shall be mailed to Plaintiffs by certified mail. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), Plaintiffs may file a written objection to the proposed findings and recommendations with the clerk of the district court within fourteen (14) days after being served with a copy of this report and recommendation. Failure to make a timely objection waives appellate review of both factual and legal questions.[27]

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 17th day of August, 2022.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
U.S. MAGISTRATE JUDGE

---

[27] *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).