IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RANDY MCCOLLUM, RONNIE MCCOLLUM, and APRIL HARAUGHTY,<br><br>Plaintiffs,<br><br>v.<br><br>TODD HARRISON, JILL DILLIE, KENNETH DILLIE, FRANK MCCOLLUM, DONNIE MCCOLLUM, and CHARLES SPILLMAN,<br><br>Defendants. | Case No. 22-2286-JAR-GEB |

## MEMORANDUM AND ORDER

Plaintiffs, proceeding *pro se*, brought this purported discrimination, retaliation, and harassment case as well as state law conspiracy claims against Defendants stemming from Randy McCollum's removal from his home and from the care of Ronnie McCollum and April Haraughty. On August 17, 2022, Magistrate Judge Gwynne E. Birzer filed a Report and Recommendation recommending: (1) Plaintiffs' motions to proceed in forma pauperis be denied, and (2) dismissing Plaintiffs' Complaint and Amended Complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.[1] The Report and Recommendation was mailed to Plaintiffs by certified mail and, pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), Plaintiffs were given the opportunity to file a written objection to the proposed findings and recommendations within fourteen days after being served

---

[1] Doc. 7.

with a copy.[2]  Plaintiffs were warned that failure to make a timely objection waives appellate review of both factual and legal questions.[3]

On September 13, 2022, after no written objections were filed to the proposed findings and recommendations filed by Judge Birzer, and after a de novo determination upon the record pursuant to Fed. R. Civ. P. 72(b), this Court accepted as its own the recommended decision to deny Plaintiffs' motions to proceed in forma pauperis, and to dismiss this case under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.[4]  Judgment was entered that same day.[5]

On September 23, 2022, Plaintiffs Ronnie McCollum and April Haraughty filed a "Rebuttal to Julie A. Robinson's Decision Ruling" (Doc. 13), as supplemented,[6] which this Court construes as a motion for reconsideration.[7]  Plaintiffs state that Randy McCollum died on June 7, 2022.

Under D. Kan. Rule 7.3(a), "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60."  Because Plaintiffs' motion was filed within 28 days after the entry of judgment, the Court treats it as a motion under Rule 59.[8]  Under that rule, a motion to alter or amend judgment may be granted when "the court

---

[2] *Id.* at 8.

[3] *Id.*

[4] The Report and Recommendation was delivered by certified mail to Plaintiffs Ronnie McCollum and April Haraughty on August 20, 2022.  Docs. 8, 9.  A copy was delivered by certified mail to Plaintiff Randy McCollum on August 24, 2022, and appears to be signed by his brother-in-law, Defendant Kenneth Dillie.  Doc. 10.

[5] Doc. 12.

[6] Doc. 14.

[7] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (explaining courts must construe *pro se* litigant's pleadings liberally and apply a less stringent standard than that which is applicable to attorneys).

[8] Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

has misapprehended the facts, a party's position, or the controlling law."[9]  A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice.[10]  Motions to alter or amend are "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."[11]

Plaintiffs do not meet the exacting standard for relief under Rule 59(e).  Plaintiffs complain about the integrity of the federal court in general and Wichita judges specifically, and argue that this Court was "in violation to dismiss" because they were waiting on the Equal Employment Opportunity Commission ("EEOC") to issue a right-to-sue letter.  They do not dispute that they were served a copy of the Report and Recommendation or attempt to explain why they failed to respond to Judge Birzer's recommendations within the timeframe clearly set forth therein.  Plaintiffs have failed to show an intervening change in the controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice.  In sum, Plaintiffs have failed to meet the standard required for this Court to alter or amend its September 23, 2022 Order and Judgment adopting Judge Birzer's Report and Recommendation, and that ruling stands.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiffs' Motion for Reconsideration, as supplemented (Doc. 13) is **denied**.

**IT IS SO ORDERED.**

---

[9] *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

[10] *Servants of the Paraclete*, 204 F.3d at 1012.

[11] *Nelson*, 921 F.3d at 929 (quoting *Servants of the Paraclete*, 204 F.3d at 1012).

Dated: October 24, 2022

                                            S/ Julie A. Robinson
                                            JULIE A. ROBINSON
                                            UNITED STATES DISTRICT JUDGE